IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN HOLDEN, #1484846, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0656-G |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case:  In 2008, Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to 40 years imprisonment. *State v. Holden*, No. F06-73800 (283rd Dist. Court, Dallas County). His conviction and sentence were affirmed on direct appeal. *Holden v. State*, No. 05-08-00149-CR, 2008 WL 5401539 (Tex. App.--Dallas, Dec. 30, 2008). A petition for discretionary review was denied as untimely. *Holden v. State*, PD-0767-09 (Tex.

Crim. App. Jun. 2, 2009). On April 2, 2010, petitioner filed a state habeas application, pursuant to art. 11.07, Texas Code of Criminal Procedure, which remains pending in the state convicting court. *See Ex parte Holden*, W06-73800.

On April 5, 2010, Petitioner filed the federal petition presently at issue. In four grounds, he alleges he received ineffective assistance of counsel; there was no evidence that the knife he use was a deadly weapon; and the prosecutor made improper jury arguments.

Contemporaneously with this case, Petitioner filed a federal petition challenging his conviction for burglary of a habitation in Cause No. F06-73801. *See Holden v. Thaler*, 3:10-CV-657-N (N.D. Tex.). On May 5, 2010, the magistrate judge recommended that the petition be dismissed without prejudice for failure to exhaust state remedies because his state habeas application (also filed on April 2, 2010) remained pending in the state convicting court. *Id.*

Findings and Conclusions: A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274, 125 S. Ct. 1528 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code

Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. His art. 11.07 application is presently pending before the Dallas County District Court. He concedes as much in answer to the questionnaire in No. 3:10-CV-657-N. Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).

Signed this 6th day of May, 2010.

 

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific

---

[1] The Court cautions Petitioner that the recent amendment to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.

3

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.