UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADRIAN HOLDEN, #1484846,            )
                                    )
              Petitioner,           )
                                    )          CIVIL ACTION NO.
VS.                                 )
                                    )          3:10-CV-0656-G
RICK THALER, Director, Texas        )
Department of Criminal Justice,     )               **ECF**
Correctional Institutions Division, )
                                    )
              Respondent.           )


ORDER ACCEPTING FINDINGS, CONCLUSIONS AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE
JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a

recommendation in this case.  The petitioner filed objections, and the district court

has made a *de novo* review of those portions of the proposed findings, conclusions and

recommendation to which objection was made.

The court concludes that the objections are without merit.  Merely filing a

state habeas application does not constitute exhaustion of state-court remedies; the

petitioner must allow the Texas courts to rule on his habeas application.  See, *e.g.*,

*Waller v. Collier*, 297 Fed. Appx. 326, 327 (5th Cir. 2008) ("Waller does not dispute

the district court's finding that his state habeas application . . . is still pending in the

state district court.  Therefore, . . . his complaint . . . must be dismissed for failure to exhaust state court remedies.").  Because the petitioner's state habeas application remains pending in the Texas court system, he has not yet exhausted his state-court remedies.  The petitioner's  request for a stay and abeyance in lieu of dismissal is also without merit in light of his failure to establish good cause for his failure to exhaust his state-court remedies.  See *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Therefore, the petitioner's objections are overruled, and the court **ACCEPTS** the findings, conclusions and recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability.  The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *Slack v. McDaniel*,529 U.S. 473, 484 (2000).[*]

---

[*]        Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(continued...)

In the event the petitioner will file a notice of appeal, the court notes that

(**X**)     the petitioner will proceed *in forma pauperis* on appeal.
(  )     the petitioner will need to pay the $455.00 appellate filing
         fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

June 4, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

[*](...continued)

      **(a)  Certificate of Appealability.**  The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

      **(b)  Time to Appeal.**  Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

- 3 -